UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>-against-<br><br>CONTRARIAN PRESS, LLC, SCOTT S. FRASER, and NATHAN YEUNG,<br><br>                    Defendants. | Case No. 16 Civ 06964<br><br>**ECF CASE** |

**DEFENDANT SCOTT FRASER AND CONTRARIAN PRESS, LLC'S
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Scott Fraser and Contrarian Press, LLC ("Defendants") respectfully request that the Court take judicial notice of certain documents referenced in their Memorandum of Law in Support of Motion to Dismiss, filed and served concurrently herewith, specifically: (1) selected pages from Empowered Products, Inc.'s ("EMPO") Form 10-K filed with the Securities and Exchange Commission ("SEC") on April 16, 2012; and (2) EMPO's historical stock price and trading volume (as reflected in Nasdaq records).

1.      **SEC Filings**

It is settled law that courts may take judicial notice of documents filed with the SEC because such filings meet the standard set forth in Federal Rule of Evidence 201(b) that judicially noticeable documents must be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Sharette*

*v. Credit Suisse Int'l,* 127 F. Supp. 3d 60, 75 (S.D.N.Y. 2015) (taking judicial notice of SEC filings, including Form 10-K); *380544 Can., Inc. v. Aspen Tech., Inc.*, 544 F. Supp. 2d 199, 214 (S.D.N.Y. 2008) (same); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *Citadel Equity Fund Ltd. v. Aquila, Inc.*, 168 F. App'x 474, 476 (2d Cir. 2006); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (Courts may properly take judicial notice of a publicly-filed document "to determine what the document stated," but not for the truth of its contents).

Accordingly, Defendants request that the Court take judicial notice of that portion of EMPO's 10-K for the year-ended December 31, 2011, as filed with the SEC on April 16, 2012, disclosing (and attaching) the Investor Relations/Sales & Marketing Agreement referenced in paragraph 24 of the Complaint.  (*See* excerpt of EMPO's 10-K attached as **Exhibit 1**.)

2. **Historical Stock Price/Volume**

Defendants also request that this Court take judicial notice of EMPO's historical stock price and trading volume for the period from July 13, 2011 through November 29, 2017, available at http://www.nasdaq.com/symbol/empo/historical.  As a matter "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned[,]" a publicly traded company's historical stock price is a proper subject of judicial notice under Fed. R. Evid. 201(b).  *See, e.g., In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 568 F. Supp. 2d 349, 362 n. 7 (S.D.N.Y. 2008) (Courts may take judicial notice of well-publicized stock prices without converting a motion to dismiss to a motion for summary judgment); *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 167 n.8 (2d Cir. 2000).

Accordingly, Defendants request that the Court take judicial notice of EMPO's historical stock price and trading volume, as reflected in a chart obtained from Nasdaq, which is attached hereto as **Exhibit 2**  and available at: http://www.nasdaq.com/symbol/empo/historical.

| | |
|---|---|
| Dated: Los Angeles, California.<br>December 11, 2017 | Respectfully submitted,<br><br>By:   *s/ Michael J. Quinn*<br>Michael J. Quinn<br>Joshua A. Dunn<br>Vedder Price P.C.<br>1633 Broadway, 31st Floor<br>New York, NY 10019<br>mquinn@vedderprice.com<br>jdunn@vedderprice.com<br>212.407.7700<br><br>Kevin S. Asfour<br>K&L Gates LLP<br>10100 Santa Monica Blvd., 8th Floor<br>Los Angeles, CA 90067<br>kevin.asfour@klgates.com<br>310.552.5016 |