UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> -against- <br><br> CONTRARIAN PRESS, LLC and SCOTT S. FRASER, <br><br> Defendants. | Case No. 16 Civ. 06964 (VSB) |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants Contrarian Press, LLC ("Contrarian Press") and Scott Fraser ("Mr. Fraser") (collectively, "Defendants"), by their attorneys, Vedder Price P.C., for their Answer to the Amended Complaint, state as follows:

### SUMMARY OF ALLEGATIONS

1.     Defendants deny the allegations in Paragraph 1.

2.     Defendants deny the allegations in Paragraph 2.

3.     Defendants deny the allegations in Paragraph 3.

4.     Defendants deny the allegations in Paragraph 4.

5.     Defendants deny the allegations in Paragraph 5.

6.     Defendants deny the allegations in Paragraph 6.

7.     Defendants deny the allegations in Paragraph 7.

### VIOLATIONS

8.     Defendants deny the allegations in Paragraph 8.

## NATURE OF THE PROCEEDINGS AND THE RELIEF SOUGHT

9.      Defendants state that the allegations in Paragraph 9 constitute a legal conclusion to which no response is required.

10.     Defendants state that the allegations in Paragraph 10 constitute a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

11.     Defendants state that the allegations in Paragraph 11 constitute a legal conclusion to which no response is required.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

## DEFENDANTS

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, deny the same.

16.     Defendants admit the allegations in Paragraph 16.

## RELATED ENTITY

17.     Defendants admit the allegations in Paragraph 17

## FACTS

**I.      Contrarian Press Background**

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants admit the allegations in Paragraph 20.

NEWYORK/#527677.3

21.     Defendants admit that Contrarian Press distributed newsletters and other information via websites, e-mail and direct mail.  Except as expressly stated, Defendants deny the allegations in Paragraph 21.

22.     Defendants admit the allegations in Paragraph 22.

**II.    EMPO Background**

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants admit the allegations in Paragraph 24.

25.     Defendants admit that on June 30, 2011, EMPO entered into a Subscription Agreement with New Kaiser Limited ("New Kaiser"), a Hong Kong-based entity. Defendants also admit that under the agreement, EMPO sold New Kaiser 2 million EMPO shares in exchange for $1.5 million and the retirement of a promissory note for a $500,000 loan that New Kaiser had made to On Time Filings in May 2011. Except as expressly stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, deny the same.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, deny the same.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, deny the same.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, deny the same.

**III.   The Investor Relations Agreement**

29.     Defendants admit that in July 2011, Fraser caused EMPO and Contrarian Press to enter into the Investor Relations Agreement, which Fraser signed on behalf of EMPO and

a Contrarian Press employee signed on behalf of Contrarian Press. Except as expressly stated, Defendants deny the remaining allegations in Paragraph 29.

29. Defendants state that the Investor Relations Agreement speaks for itself and deny any allegations in Paragraph 30 inconsistent therewith. Defendants deny any remaining allegations in Paragraph 30.

31. Defendants admit that under the terms of the Investor Relations Agreement, EMPO initially paid Contrarian Press $14,500 per month, and at one time, it was $19,500 per month. Except as expressly stated, Defendants deny the remaining allegations in Paragraph 31.

## IV.   The First Promotional Campaign: Contrarian Touts EMPO's Stock

32. Defendants deny the allegations in Paragraph 32.

33. Defendants admit that Mr. Fraser authored or authorized the subject newsletter issued by Contrarian Press. Defendants state that the information contained in the Stock Profit Guide speaks for itself and deny any allegations in Paragraph 33 inconsistent therewith. Defendants deny any remaining allegations in Paragraph 33.

34. Defendants state that the information contained in the Stock Profit Guide speaks for itself and deny any allegations in Paragraph 34 inconsistent therewith. Defendants deny any remaining allegations in Paragraph 34.

35. Defendants state that the information contained in the Contrarian Press newsletter speaks for itself and deny any allegations in Paragraph 35 inconsistent therewith. Defendants deny any remaining allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants state that the information contained in the referenced Stock-Profit Guides speaks for itself and deny any allegations in Paragraph 37 inconsistent therewith. Defendants deny any remaining allegations in Paragraph 37.

-4-

38.     Defendants admit that Fraser authored or authorized each newsletter, but deny the remaining allegations in Paragraph 38.

39.     Defendants state that the information contained in the Contrarian Press newsletter speaks for itself and deny any allegations in Paragraph 39 inconsistent therewith. Defendants deny any remaining allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants admit that Contrarian Press distributed the Contrarian Press newsletters to subscribers by e-mail and/or direct mail, but deny the remaining allegations in Paragraph 42.

43.     Defendants admit that EMPO's shares began trading on or about July 19, 2011, but deny the remaining allegations in Paragraph 43.

**V.     The Second Promotional Campaign:  May 2012**

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, deny the same.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, deny the same.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, deny the same.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, deny the same.

49.     Defendants deny that Fraser saw and approved the Investor Stock Advisory newsletter about EMPO before it was distributed to the investing public and that Fraser knew or recklessly disregarded that the Investor Stock Advisory was issuing a promotional

newsletter about EMPO before it was distributed to prospective investors. Except as expressly stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and, therefore, deny the same.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, deny the same.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, deny the same.

52.     Defendants deny the allegations in the first sentence of Paragraph 52 on the grounds that they are vague and ambiguous as to what "closely connected" means. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and, therefore, deny the same.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, deny the same.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, deny the same.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, deny the same.

56.     Defendants state that the information contained in the Investor Stock Advisory newsletters speaks for itself and deny any allegations in Paragraph 56 inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and, therefore, deny the same.

57.     Defendants state that the information contained in the Investor Stock Advisory newsletter speaks for itself and deny any allegations in Paragraph 57 inconsistent therewith. Defendants deny any remaining allegations in Paragraph 57.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, deny the same.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, deny the same.

## VI.    The Third Promotional Campaign: October-November 2012

### A.    Contrarian Press and Fraser Hire Yeung to Promote EMPO's Stock.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, deny the same.

62.     Defendants admit the allegations in Paragraph 62.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, deny the same.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, deny the same.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, deny the same.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, deny the same.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, deny the same.

NEWYORK/#527677.3

**B.      Yeung Organizes the EMPO Promotion on Behalf of Contrarian Press.**

68.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, deny the same.

69.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, deny the same.

70.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, deny the same.

71.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, deny the same.

**C.      Crown Pacifica Media Services**

72.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, deny the same.

73.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, deny the same.

74.      Defendants deny Contrarian Press had a role in organizing the promotional campaign. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and, therefore, deny the same.

75.      Defendants deny that Crown Pacifica was a straw man meant to hide Contrarian Press' and Fraser's involvement in the campaign. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and, therefore, deny the same.

76.      Defendants deny that Fraser was aware of or recklessly disregarded Crown Pacifica's role in the October 2012 through November 2012 promotion. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and, therefore, deny the same.

77.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, deny the same.

78.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, deny the same.

79.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, deny the same.

**D.    The Third Promotional Campaign Operation**

80.    Defendants deny the allegations in Paragraph 80.

81.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, deny the same.

82.    Defendants state that the information contained in the Aggressive Growth-Stock Screener newsletter speaks for itself and deny any allegations in Paragraph 82 inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and, therefore, deny the same.

83.    Defendants state that the information contained in the Aggressive Growth-Stock Screener newsletter speaks for itself and deny any allegations in Paragraph 83 inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and, therefore, deny the same.

84.    Defendants deny the allegations in Paragraph 84 as to Mr. Fraser. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to Yeung and, therefore, deny the same.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, therefore, deny the same.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, deny the same.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, deny the same.

88.     Defendants deny that Crown Pacifica was a straw man for Contrarian Press. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and, therefore, deny the same.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, therefore, deny the same.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, therefore, deny the same.

**VII.   Additional EMPO Promotions**

91.     Defendants deny that the newsletters were falsely presented as objective articles concerning the company and its prospects, but defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and, therefore, deny the same.

92.     Defendants state that the information contained in the articles posted to Contrarian Press' website speaks for itself and deny any allegations in Paragraph 92 inconsistent therewith.

93.     Defendants state that the information contained in the articles posted to Contrarian Press' website speaks for itself and deny any allegations in Paragraph 93 inconsistent therewith.  Defendants deny any remaining allegations in Paragraph 93.

-10-

94.     Defendants state that the information contained in the articles posted to Contrarian Press' website speaks for itself and deny any allegations in Paragraph 94 inconsistent therewith. Defendants deny any remaining allegations in Paragraph 94.

95.     Defendants deny the allegations in paragraph 95.

### FIRST CLAIM FOR RELIEF
**(Against Defendants Contrarian Press, Fraser, and Yeung)**
**Violations of Section 17(b) of the Securities Act**

96.     Defendants repeat and re-allege each and every answer contained within Paragraphs 1 through 95.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

### SECOND CLAIM FOR RELIEF
**(Against Defendants Contrarian Press, Fraser, and Yeung)**
**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

99.     Defendants repeat and re-allege each and every answer contained within Paragraphs 1 through 95.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

### THIRD CLAIM FOR RELIEF
**(Against Defendants Fraser and Yeung)**
**Aiding and Abetting Violations of Section 17(b) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

102.    Defendants repeat and re-allege each and every answer contained within Paragraphs 1 through 95.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

## FOURTH CLAIM FOR RELIEF
### (Against Defendant Fraser) Violations of Section 20(a) of the Exchange Act

105.    Defendants repeat and re-allege each and every answer contained within Paragraphs 1 through 95.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

## AFFIRMATIVE DEFENSES

Defendants, and each of them, assert the following affirmative defenses on information and belief. In so doing, Defendants do not assume any burden of proof, persuasion, or production on such defenses where such burden would otherwise fall on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the claims alleged by Plaintiff are barred because the Amended Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the claims alleged by Plaintiff are barred by the applicable statutes of limitations and repose including, without limitation, 28 U.S.C. §§ 1658(b) and 2462.

## THIRD AFFIRMATIVE DEFENSE

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the claims alleged by Plaintiff are barred because they exceed the scope of Plaintiff's jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

NEWYORK/#527677.3

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the claims alleged by Plaintiff are barred because any alleged untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements are inactionable statements of opinion, optimism and/or puffery.

## FIFTH AFFIRMATIVE DEFENSE

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the claims alleged by Plaintiff are barred by the bespeaks caution doctrine.

## SIXTH AFFIRMATIVE DEFENSE

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the matters alleged by Plaintiff to be the subject of misrepresentations or omissions were publicly and prominently disclosed, and were otherwise available to the securities markets.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the claims alleged by Plaintiff are barred because Defendants at all times acted in good faith and did not knowingly make a false or misleading statement.  Defendants' good faith and reasonable reliance negates any inference of scienter or any intent to deceive.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the claims alleged by Plaintiff are barred because any alleged false statement or omission identified in the Amended Complaint was not material.

## NINTH AFFIRMATIVE DEFENSE

NEWYORK/#527677.3

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that there is no basis to support any granting of injunctive relief because Defendants' histories are inconsistent with the likelihood of any future violation of the securities laws, and Plaintiff cannot establish there is a reasonable likelihood that Defendants would violate the securities laws in the absence of injunctive relief.

<u>TENTH AFFIRMATIVE DEFENSE</u>

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that there is no basis to support an order of disgorgement because there is no evidence that Defendants wrongfully obtained profits, received benefits or avoided losses by reason of the conduct alleged in the Amended Complaint or that disgorgement is necessary for deterrence purposes.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that there is no basis to support any imposition of civil penalties.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the claims alleged by Plaintiff are barred by the doctrine of unclean hands.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the claims alleged by Plaintiff are barred by the assumption of the risk doctrine.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that the claims alleged by Plaintiff are barred by the doctrine of laches.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

As a separate affirmative defense to each and every purported claim, Defendant alleges that the claims alleged by Plaintiff are barred by the doctrine of estoppel.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, alleges that the claims alleged by Plaintiff are barred by the doctrine of waiver.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

As a separate affirmative defense to Plaintiff's Fourth Claim for Relief, Defendant Fraser alleges that, at all relevant times, he acted in good faith and did not directly or indirectly induce any alleged act or acts purportedly constituting a violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

As a separate affirmative defense to each and every purported claim, Defendants, and each of them, allege that their investigation and discovery regarding the facts alleged in the Amended Complaint are ongoing, and that Plaintiff has not set out its claims with sufficient particularity to permit Defendants to raise all appropriate affirmative defenses.  Defendants have not knowingly or intentionally waived any applicable affirmative defenses, and Defendants reserve the right to assert and to rely upon additional defenses not stated here, including such other defenses as may become available or apparent, through discovery or otherwise.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, having fully answered the allegations set forth in Plaintiff's Amended Complaint, Defendants Contrarian Press, LLC and Scott S. Fraser respectfully request that the Court enter judgment in its favor: (a) dismissing the Amended Complaint in its entirety; (b) granting such other and further relief as the Court may deem just and proper.

-15-

Dated:  March 27, 2019                    Respectfully submitted,

                                          By:    *s/ Michael J. Quinn*
                                          _____
                                                 Michael J. Quinn
                                                 Joshua A. Dunn
                                                 Vedder Price P.C.
                                                 1633 Broadway, 31st Floor
                                                 New York, NY 10019
                                                 mquinn@vedderprice.com
                                                 jdunn@vedderprice.com
                                                 212.407.7700


                                                 *Attorneys for Defendants*
                                                 *Contrarian Press, LLC and Scott Fraser*