USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/5/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
SECURITIES AND EXCHANGE :
COMMISSION, :
:
                      Plaintiff, : 16-CV-6964 (VSB)
:
                -v- : **ORDER**
:
CONTRARIAN PRESS, LLC, et al., :
:
                      Defendants. :
:
------------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

  I am in receipt of the parties' letter motion, dated August 20, 2019, regarding the parties' discovery dispute. (Doc. 97.) For the following reasons, Defendants' letter motion for discovery is denied.

  After reviewing *in camera* the witness interview memoranda provided by Plaintiff, I find that the memoranda are protected from disclosure by the attorney work product doctrine, and further find that Defendants have failed to demonstrate that they have a "substantial need for the materials . . . and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). The notes requested by Defendants were taken by or at the direction of SEC attorneys "during interviews that . . . were conducted in order to provide the Commission with information so that it could make the determination whether to proceed with litigation in this matter." *S.E.C. v. Cavanagh*, No. 98 CIV. 1818 (DLC), 1998 WL 132842, at *2 (S.D.N.Y. Mar. 23, 1998) (internal quotations omitted). "This type of work, prepared in the anticipation of litigation, falls squarely within the protections of the work-product doctrine." *Id.* (citing *United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998)); s*ee also S.E.C. v. NIR*

# 2

*Grp., LLC*, 283 F.R.D. 127, 135 (E.D.N.Y. 2012) (finding SEC proffer session notes to be protected by the attorney work product doctrine, and concluding that defendants failed to demonstrate substantial need and undue hardship when the witnesses were still available to be deposed or otherwise participate in discovery); *S.E.C. v. Treadway*, 229 F.R.D. 454, 456 (S.D.N.Y. 2005) (same).

Defendant's reliance on *SEC v. Thrasher*, No. 92 Civ. 6987, 1995 WL 46681 (S.D.N.Y. Feb. 7, 1995), is misplaced. *Thrasher* concluded that SEC proffer session notes contained factual work product under Rule 26(b)(3), but found that defendants demonstrated substantial need and the requisite undue hardship to warrant production because the witnesses who attended the proffers were unavailable for depositions due to their invocation of their Fifth Amendment rights against self-incrimination. *See Thrasher*, 1995 WL 46681, at *8–*9. Defendants have not demonstrated any comparable substantial need or undue hardship in order to overcome application of the work product doctrine in the instant case. Accordingly, it is hereby:

ORDERED that Defendants' letter motion for discovery, (Doc. 97), is DENIED. The witness interview memoranda received from Plaintiff will be placed under seal.

SO ORDERED.

Dated:  December 5, 2019
        New York, New York

*Vernon S. Broderick*
Vernon S. Broderick
United States District Judge