UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

-against-

CONTRARIAN PRESS, LLC and SCOTT S.
FRASER, and NATHAN YEUNG,

          Defendants.

16cv06964 (VSB) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

  In this Securities and Exchange Commission ("SEC") enforcement action, the Honorable Vernon S. Broderick, U.S.D.J., has referred certain discovery disputes to this Court for resolution.  (*See* Dkt. 118.)  This Order addresses the particular dispute raised in a letter submitted jointly by the parties to Judge Broderick on April 27, 2020 (Dkt. 116), regarding the SEC's request for a protective order barring a deposition sought by defendants Contrarian Press, LLC ("Contrarian Press") and Scott S. Fraser ("Fraser") (collectively, "Defendants"),[1] of an SEC representative to be designated under Rule 30(b)(6) of the Federal Rules of Civil Procedure.  The Rule 30(b)(6) deposition notice served by Defendants on the SEC, a copy of which is included with the parties' submission (*see* Dkt. 116-1), identifies nine topics (and 34 sub-topics) on which Defendants have sought testimony, primarily regarding the facts and evidence underlying the SEC's contentions in this lawsuit.  The parties report that, when the SEC objected to this

---

[1] Pursuant to final consent judgment, dated August 28, 2019, defendant Nathan Yeung is no longer a party to this case.  (*See* Dkt. 99.)

deposition, counsel met and conferred on multiple occasions, but were unable to resolve the dispute as to whether the deposition should proceed.[2]

In support of its request for a protective order, the SEC argues that the requested deposition "would be annoying, oppressive, and unduly burdensome under Rule 26(c) and . . . would encroach on information protected by the work-product doctrine and attorney-client privilege." (Dkt. 116, at ECF 1.) Defendants, for their part, primarily argue that a deposition of an SEC-designated witness is necessary (1) to follow up on alleged inconsistencies contained in the SEC's responses to Defendants' interrogatories and requests for admission, and to probe the factual bases of those responses; and (2) to inquire into the SEC's record-keeping practices and document production in this case. (*See id.*, at ECF 3-5.)

In addition to reviewing the parties' written positions on the issues presented, this Court held a lengthy telephone conference with counsel on June 16, 2020, at which it heard further argument regarding this dispute and the other discovery disputes that have been placed before this Court. In light of the level of detail provided by the parties in their letter to Judge Broderick, the fact that the parties' joint submission included citations to authority, and the fact that this Court afforded counsel an additional opportunity to be heard in a discovery conference, this Court finds, as an initial matter, that no further briefing on the presented dispute is required for the matter to be resolved. Accordingly, as stated on the record of the June 16 conference, and for the reasons summarized below, it is hereby ORDERED as follows:

---

[2] Indeed, Defendants state that, after they served the Rule 30(b)(6) notice on the SEC on November 27, 2019, Defendants agreed to "hold off on the deposition" and "instead first try contention interrogatories." (Dkt. 116, at ECF 3, 5.) According to Defendants, however, the SEC's responses to those interrogatories were "evasive" and unsatisfactory, and Defendants therefore renewed their request for the Rule 30(b)(6) deposition on March 22, 2020. (*Id.*, at ECF 4; *see id.*, at ECF 3, n.3.)

1. This Court finds that the most on-point authority cited by Defendants in their written submission, consisting of judicial decisions from outside this Circuit (*see* Dkt. 116, at ECF 3-4 (citing cases from the District of Utah, the Southern District of Florida, and the Middle District of Florida)), does not generally accord with the developed body of law within this Circuit that supports the SEC's position regarding the impropriety of the type of deposition that Defendants seek, *see, e.g.*, *SEC v. Rosenfeld*, No. 97cv1467 (RPP), 1997 WL 576021, at *2 (S.D.N.Y. 1997) (noting that "investigations are conducted by the SEC's legal staff," such that "a Rule 30(b)(6) deposition of an SEC official with knowledge of the extent of that investigative effort, [would] amount[] to the equivalent of an attempt to depose the attorney for the other side," and "would include disclosure of the SEC attorneys' legal and factual theories as regards the alleged violations of the security laws . . . and their opinions as to the significance of documents, credibility of witnesses, and other matters constituting attorney work product"); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (granting the SEC's request for a protective order where the notice of deposition sought "to ascertain how the SEC intends to marshal[] the facts, documents and testimony in its possession, and to discover the inferences that [the SEC] believes properly can be drawn from the evidence it has accumulated"); *SEC v. McGinnis*, No. 5:14-cv-6, 2015 WL 13505396, at *6 (D. Vt. Jan. 13, 2015) (stating that a Rule 30(b)(6) deposition "may not be used to discover what the agency's counsel thinks about [the] facts, which facts and witnesses he or she finds persuasive and important, why he or she thinks certain facts give rise to certain inferences or support certain legal theories, or how he or she plans to use the facts at trial"); *SEC v. NIR Grp., LLC*, No. CV 11-4723 (JFB) (GRB), 2013 WL 5288962, at *5 (E.D.N.Y. Mar. 24, 2013) ("Even assuming that the SEC's analyses of the investigation and impending litigation, . . . were relevant, such documents and determinations would be subject to

protections under, *inter alia*, the attorney work-product privilege" and the "deliberative process privilege."). In light of this authority, and as Defendants have not persuasively argued that the factual information they seek cannot be obtained by means less likely to intrude on attorney-client and work-protect protections, the SEC's request for a protective order barring the deposition is granted.

2.  In lieu of a deposition, and so that Defendants may have a clearer understanding of the bases of the SEC's factual contentions, the SEC is directed to supplement its written discovery responses. First, as to any requests for admission that the SEC denied in part, the SEC is directed to revise its responses so as to specify the portions of the requests that are admitted. *See* Fed. R. Civ. P. 36(a)(4) (providing that, "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer *must specify the part admitted* and qualify or deny the rest" (emphasis added)). Second, the SEC is directed to review and, if necessary, to revise its responses to Defendants' contention interrogatories, so as to ensure that, wherever the SEC may have responded by indicating reliance on documents and/or witnesses to support particular factual contentions, it has identified those documents and/or witnesses with specificity. Third, to the extent it has not already done so, the SEC is directed to supplement its Rule 26(a)(1)(A)(i) disclosures, as required by Rule 26(e)(1)(A).

3.  In order to address Defendants' additional argument that they need a deposition of the SEC to explore the SEC's record-keeping process and document production, the SEC is further directed to augment the search that it initially conducted for documents responsive to Defendants' document requests. In this regard, this Court understands that, prior to the filing of its Complaint in this case, the SEC had commenced two investigations (which this Court will refer to herein as "Investigation A" and "Investigation B") that, in at least certain ways, were

related or resulted in the discovery by the SEC of documents with potential relevance to both investigations. Investigation A gave rise to this litigation, and, apparently, some years ago, SEC staff who worked on Investigation B took some documents from the Investigation B file and transferred them to the Investigation A file. The SEC has conceded that, in responding to discovery requests in this case, it only searched the Investigation A file. This has led Defendants to argue that SEC investigators effectively "cherry picked" which documents from the Investigation B file should be produced in this case, as only those that had been selectively transferred into the Investigation A file were ever reviewed for responsiveness. (*See* Dkt. 116, at ECF 5.) While this Court does not find that the SEC deliberately withheld responsive documents, it does find that, by engaging in no separate search of the extant Investigation B file, the SEC failed to conduct a reasonable search of all documents in its possession, custody, or control that may have been responsive to Defendants' requests. The SEC is therefore directed to conduct a reasonable search of the Investigation B file for responsive documents. If, upon commencing such a search, the SEC determines that the search would raise particular concerns regarding the proportionality of the discovery to the needs of the case (including particular concerns regarding relevance and/or burden), then counsel should engage in a good-faith dialogue to discuss and attempt to resolve those concerns.

4.  Based on the rulings contained herein, granting the protective order requested by the SEC with respect to the noticed Rule 30(b)(6) deposition, but requiring the SEC to supplement its other discovery responses, the Clerk of Court is directed to close the motion filed at Dkt. 116 on the Docket of this action.

Dated: New York, New York
       June 17, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All parties (via ECF)