UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-- against --

CONTRARIAN PRESS, LLC, SCOTT S.
FRASER, and NATHAN YEUNG,

                Defendants.

16 Civ. 6964 (VSB)

**STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE OF PRIVILEGED INFORMATION**

WHEREAS, on December 2, 2020, the Court entered an Order (DE 145) directing the parties "to meet and confer about entering into a protective order that outlines a protocol for dealing with privileged materials, including processes for recovering any privileged material inadvertently produced and for addressing privilege log challenges"; and

WHEREAS, Plaintiff Securities and Exchange Commission ("SEC") and Defendants Contrarian Press, LLC and Scott S. Fraser, by and through counsel, met and conferred in accordance with the Court's December 2, 2020 Order:

ACCORDINGLY, the parties, through their counsel, hereby agree:

1. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, documents produced in response to request for production of documents, answers to interrogatories, responses to request for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively, "Information").

2. Pursuant to Federal Rule of Evidence 502(d), and to the maximum level of protection

allowed thereby, a party's inadvertent disclosure or production of any Information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that party of any privilege or protection applicable to that Information, including the attorney-client privilege, work product protection, or any other privilege or protection recognized by law.

3.  Subject to Paragraph 4 below, any party receiving any such inadvertently produced Information shall, no later than five (5) business days following receipt of a written request (a) identifying the Information that was inadvertently produced, and (b) specifying the basis for the right to withhold such Information with the requisite specificity pursuant to Federal Rule of Civil Procedure 26(b)(5), Local Rule 26.2, and Paragraph 6 below justifying the asserted basis for privilege or protection ("Clawback Notice"), return the documents or Information to the producing party or provide written notice to the producing party that they have been destroyed or, in the case of the SEC, placed in a segregated database inaccessible to the SEC attorneys and any support staff working on this matter, excluding information technology and litigation support groups necessary to segregate and maintain the information, who shall have neither direct nor indirect access to the Information (e.g., they shall not coordinate with others, who do have access to the database, in order to examine or otherwise leverage the Information). Further, the receiving party shall delete (or in the case of the SEC, segregate to an inaccessible database) any version of the Information it maintains. Further, except as provided below in Paragraph 4, the receiving party shall make no use of the information contained therein.  For the avoidance of doubt, the receiving party must implement the foregoing measures even if the receiving party disputes the sufficiency and/or correctness of the producing party's Clawback Notice, subject to the receiving party's right to challenge the clawback pursuant to Paragraph 4.

    a. Clawback Notices pursuant to this Order shall be given by a party no later than five (5) calendar days of its actual notice, including the use by either party of the Information within a deposition, discovery response (other than the production of documents), correspondence, or filing in this matter, or the review of the Information following its initial production, that it has inadvertently produced Information.

    b. Any analysis, memoranda, or notes which were internally generated based on produced Information shall be placed in sealed envelopes on receipt of a Clawback Notice, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged pursuant to Paragraph 4, or (b) the Court rules that the information is privileged. Such analyses, memoranda, or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged or (b) the court rules that the information is not privileged.

    c. In the case of a deposition transcript or videotape, the party asserting the clawback shall provide, at its cost, for a redacted transcript (in TXT, PDF, and linked TextMap formats) and videotape to be delivered to the other party within five (5) business days of the Clawback Notice.

4. The receiving party may contest the privilege assertion by the producing party and shall give the producing party written notice of such disagreement no later than five (5) business days following a Clawback Notice pursuant to Paragraph 3. The parties shall meet and confer in good faith concerning the dispute. No later than ten (10) business days following the meet and confer

or fifteen (15) business days from the Clawback Notice, whichever is later, the receiving party may seek an order from the Court compelling production of the material. For purposes of the meet and confer or the filing of a motion to compel only, the receiving party may retain and use the Information notwithstanding the provisions of Paragraph 3 provided that (i) the Information is otherwise segregated and not accessed by the parties except for use during the meet and confer or motion to compel and (ii) in any motion to compel, the Information is filed under seal or redacted to prevent the disclosure of the Information.

    a. Pursuant to Federal Rule of Civil Procedure 26, the party asserting the privilege bears the burden of establishing the privilege or protection of any challenged documents.

    b. The producing party shall file any response to a motion to compel within 10 calendar days of the filing of a motion. The moving party may reply within 5 business days to a response.

5. Disclosure of the Information by the receiving party before the producing party designates the Information as protected shall not be deemed a violation of this Order.

6. With respect to the production of documents following the date of this Order, the producing party shall provide a privilege log describing any responsive documents withheld pursuant to a claim of privilege providing at least the information under Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2. Such a log may be categorical pursuant to Local Rule 26.2(c).

7. No later than ten (10) business days following receipt of the privilege log pursuant to Paragraph 6, the receiving party must provide notice to the producing party of any challenges to (i) the content and information included in the privilege log and (ii) the substance of the privilege

asserted. As soon as practicable, the parties shall meet and confer in good faith concerning the challenges to resolve or narrow such challenges.

    a. If after meeting and conferring in good faith, the producing party produces a revised privilege log, the receiving party must provide notice of further challenges to the content of the log and substance of the privileges asserted no later than five (5) business days following receipt of a revised privilege log. The parties shall meet and confer in good faith concerning the challenges to resolve or narrow such challenges.

    b. All challenges concerning the privilege logs or substance of the privileges asserted are reserved pending completion of the meet and confer process such that a single motion is brought that includes all remaining challenges concerning the privilege logs or privileges asserted therein.

    c. If after completing the meet and confer process outlined above, the parties are unable to resolve the challenges, whether to the content of the privilege log or the substance of the privilege asserted, the challenging party may file a motion seeking appropriate relief no later than ten (10) business days from the date of the last meet and confer.

    d. The producing party shall file any response to a motion to compel within ten (10) calendar days of the filing of a motion. The moving party may reply within five (5) business days to a response.

8. No argument or challenge to a privilege claim concerning a particular document, documents, or Information is waived because a party did not challenge a categorical assertion of privilege or to the extent that the privilege log does not accurately describe the document(s) or

Information withheld or the basis for the privilege.

9. The parties may, without further leave from the Court, agree to time extensions deviating from this Order.

10. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Dated: December 21, 2020

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | VEDDER PRICE |
| By: __/s/ Victor Suthammanont_____<br>         Victor Suthammanont | By: ___/s/ Michael J. Quinn_____<br>         Michael J. Quinn |
| 200 Vesey Street, Suite 400<br>New York, NY 10281<br>(212) 336-5674 (Suthammanont)<br>suthammanontv@sec.gov | 1925 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>(424) 204-7734<br>mquinn@vedderprice.com |
| *Attorneys for Plaintiff Securities and Exchange Commission* | K&L GATES LLP<br><br>By: ___/s/ Kevin Asfour_____<br>         Kevin Asfour<br><br>10100 Santa Monica Blvd, 8th Floor<br>Los Angeles, CA 90067<br>(310) 552-5016<br>kevin.asfour@klgates.com<br><br>*Attorneys for Defendants Contrarian Press, LLC and Scott S. Fraser* |

SO ORDERED.

Dated: _____
New York, New York

_____
Hon. Debra Freeman
United States Magistrate Judge